BLUE SPRINGS BOWL et al.,
Plaintiffs-Respondents,

v.

James R. SPRADLING et al.,
Defendants-Appellants.

No. 59523.

Supreme Court of Missouri,
En Banc.

May 10, 1977.

Rehearing Denied June 14, 1977.

Clarence Thomas, Asst. Atty. Gen., Jefferson City, for defendants-appellants.

Richard M. Shteamer, Kansas City, for plaintiffs-respondents.

Betty Jane Okenfuss, Asst. County Counselor, Clayton, for amicus curiae.

FINCH, Judge.

This appeal, involving construction of the revenue laws of this state, is one of which we have jurisdiction. Mo.Const. art. V, § 3. The precise single question presented is whether the Missouri sales tax law imposes a tax on receipts derived from fees or charges paid for participating in the activity of bowling at commercial bowling establishments. The trial court, considering itself bound under the decision in *L & R Distributing, Inc. v. Missouri Department of Revenue,* 529 S.W.2d 375 (Mo.1975), held that the sales tax law does not impose a tax on such receipts. Accordingly, it invalidated a Department of Revenue rule which called for imposition of a tax thereon and enjoined the Department of Revenue from collecting such taxes. We reverse and remand with directions.

The facts were stipulated. Effective April 30, 1974, the Department of Revenue promulgated a revised Revenue Rule 49 which reinterpreted the sales tax act, in particular § 144.020.1(2), RSMo Supp.1973,[1] as imposing a sales tax on gross receipts derived from fees or charges paid for participating in bowling in any place of amusement, entertainment or recreation.[2] This represented a change in the position of the Department of Revenue because previous department rules had not included in re-

---

1. Sec. 144.020.1(2) reads as follows:

"1. A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:

\* \* \* \* \* \*

"(2) A tax equivalent to three percent of the amount paid for admission and seating accommodations, or fees paid to, or in any place of amusement, entertainment or recreation, games and athletic events;"

2. Revised Rule 49, effective April 30, 1974, provided in part as follows:

"Receipts from admission shall include any entrance charges, accommodations charges, and fees to gain entrance to any place of amusement, entertainment, and recreation. For example: admission to theaters, operas, concerts, shows, athletic contests and events, zoos, dances, roller and ice skating rinks, billiard and pool halls, *bowling alleys,* card

and other games, swimming pools, golf courses, circuses, carnivals, fairs, parks, amusement parks, resorts and other recreational attractions and entertainment, including cover charges in night clubs, and other eating and drinking establishments.

"In addition, any fees or charges received for the use of any facility or property in any place of amusement, entertainment, or recreation, such as pinball machines, and any other coin operated amusement devices, rides in carnivals and horseback riding, shall be subject to sales tax. Receipts from fees or charges paid for participating in any activities in any place of amusement, entertainment or recreation, such as billiards, pool, *bowling,* and games, shall also be subject to sales tax.

"The enumerated examples are not all inclusive but serve only to illustrate the types of activities and events to be taxed." (Emphasis supplied.)

ceipts to be taxed those fees paid for participating in bowling.[3] Respondents paid the tax under protest and then brought this action, seeking a declaration that revised Rule 49 is invalid insofar as it requires payment of sales tax on receipts from bowling fees or charges. The suit also sought injunctive relief.

At the outset, we address the question of whether, as respondents contend and the trial court believed, *L & R Distributing, Inc.* rules the decision herein. If it does, we need do no more than to so recognize and state. That would mean affirming the action of the trial court.

In *L & R Distributing, Inc.* the issue was whether § 144.020.1(2) imposed a sales tax on gross receipts of coin operated devices such as pinball machines placed in " 'restaurants, confectionaries, bowling alleys, hotels, motels, bus stations, airports and other similar places' ". The court pointed out that the statute provides for taxation of fees paid to or in a place of amusement, entertainment or recreation, saying "two elements are essential,—that there be fees or charges and that they be paid *in or to a place of amusement, etc.*" *Id.* at 378. The court was of the view that places such as hotel lobbies, restaurants, motels, bus stations and airports are not, within normal contemplation, places of amusement or entertainment and are not converted into such types of places by the placement therein of pinball machines. Thus, the second part of the two element test, namely, that the fees or charges be paid *in or to* a place of amusement, entertainment or recreation, was lacking. Hence, the court reasoned, the statute did not impose a sales tax on receipts from those devices as such. As the court pointed out, the tax is imposed only if

there are fees paid in or to a place of amusement, etc.

■ In this case, we do not have an attempt to impose a tax on fees received for bowling as such, regardless of where paid. Rather, we have for decision whether fees paid in commercial bowling establishments for participation in bowling are taxable. Such places clearly fall within one or more of the categories of places of "amusement, entertainment or recreation" mentioned in the statute. Thus, the situation is not comparable to the one considered in *L & R Distributing, Inc.* It follows that the holding therein that receipts from coin operated machines such as pinball machines, located elsewhere than in places of amusement, etc., were not taxable does not dictate a result in this case.

■ In deciding whether § 144.020.1(2) imposes a sales tax on fees paid for bowling in commercial bowling alleys and whether revised Revenue Rule 49 does or does not correctly interpret and apply said statutory provision, there are certain well established rules of statutory construction which we must follow. "The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *State v. Kraus,* 530 S.W.2d 684, 685 (Mo. banc 1975). " * * * [W]here the language of a statute is plain and admits of but one meaning there is no room for construction." *Cummins v. Kansas City Public Service Co.,* 334 Mo. 672, 66 S.W.2d 920, 931 (banc 1933). *United Air Lines, Inc. v. State Tax Commission,* 377 S.W.2d 444, 448 (Mo. banc 1964); *Rathjen v. Reorganized School District R–*

---

**3.** "Important Changes in Rules and Regulations Relating to the Missouri Sales Tax Act as Amended" (1939–40), an exhibit in this case, states at p. 14:

"By an opinion of the Attorney General's office August 21, 1937 the original Special Rule No. 27 is changed, and from and after September 1, 1937, charges made for playing billiards, pool, bowling . . . are not subject to the 2% Sales Tax."

Thereafter, until revised Rule 49 became effective on April 30, 1974, rules of the Department did not call for sales taxes on bowling receipts in places of amusement, entertainment or recreation.

On May 10, 1974, the Attorney General issued Opinion No. 202, which withdrew the earlier opinion of August 21, 1937, as erroneous and reinterpreted § 144.020.1(2) as imposing a sales tax on receipts from bowling, etc., paid in places of amusement, etc.

*II,* 365 Mo. 518, 284 S.W.2d 516, 523 (banc 1955). Tax laws are to be strictly construed and if the right to tax is not conferred by plain language, it will not be extended by implication. *United Air Lines, Inc. v. State Tax Commission,* 377 S.W.2d at 449.

Applying those rules, we conclude that the language of § 144.020.1(2) is clear and unambiguous when applied to the facts stipulated in this case. First, the statute plainly provides for a sales tax on receipts from amounts paid for admission to places of amusement, entertainment or recreation, as well as to games and athletic events. Next, it clearly imposes a tax on receipts from amounts paid for seating accommodations in such places. However, the statute does not stop there. It goes on to impose a tax on receipts from fees paid to or in such places. Respondents argue that when the statute refers to "fees paid to, or in" places of amusement, etc., the plain and clear meaning thereof "is that the tax should be imposed on the charge that is made for reserved seats and tables within the place of amusement after admission". Such a meaning, argue respondents, "gives a reasoned, unstrained construction to the statute and gives full weight to the context created by the antecedent words of the subsection, i. e., 'for admission and seating accommodations'." In so contending, respondents, in effect, say that the words "fees paid to, or in" the place of amusement, etc., really add nothing new at all. They do not impose a tax on anything except what preceding language of the subsection already has taxed. They simply restate in different and more general language the previous direction that a tax is imposed on the amount paid for seating accommodations in places of amusement, etc. To so hold would be to say that by adding these additional words imposing a tax on "fees paid to, or in" such places, the legislature did a vain and useless thing.

In our view, this additional language is not subject to such an interpretation. The additional words say in plain language that in addition to those things already taxed in connection with any place of amusement, etc., namely, "admission and seating accom-

modations", the sales tax also is imposed on such other fees as are paid to or in said establishments. That simple general language is not limited or qualified in any way. It applies to *all* such fees paid to or in such establishments. It says nothing about excluding therefrom any fees paid for participating in sports or events in said establishments. Giving the words used their plain and ordinary meaning, it follows that § 144.020.1(2) simply says that a three percent sales tax is imposed (1) on sums paid for admission to places of amusement, etc., (2) on amounts paid for seating accommodations therein (whether simply seats or seating at tables), and (3) on such other fees as are paid to or in places of amusement, etc. We should so interpret the statute unless, for one of the reasons advanced by respondents, a contrary result is dictated.

Respondents first argue that the Department of Revenue's long standing administrative interpretation of the statute (1937–1974) as not taxing fees charged in places of amusement, etc., for participating in bowling should be given great weight and should result in the statute being construed as not imposing a sales tax on revenues derived from fees for participating in bowling. If we found the language of § 144.020.1(2) to be ambiguous and there was need to resort to extrinsic aids to statutory construction, this lengthy administrative interpretation, even when based, as it obviously was, on the opinion of the Attorney General dated August 21, 1937, would be considered and given appropriate weight along with such other extrinsic aids as might exist. *State ex rel. Jackson County v. Public Service Commission,* 532 S.W.2d 20, 28 (Mo. banc 1975). However, when a statute is clear and unambiguous, extrinsic aids to statutory construction cannot be used.

This well established rule was stated thus in *Automobile Gasoline Co. v. City of St. Louis,* 326 Mo. 435, 32 S.W.2d 281, 283 (1930):

" * * * The construction of a statute by those charged with the duty of enforc-

ing it, when it has long prevailed, while not binding upon the courts, is entitled to weight where the meaning of the statute is uncertain. * * * "

In *State ex rel. Bell v. Phillips Petroleum Co.,* 349 Mo. 360, 160 S.W.2d 764, 769 (Mo. 1942), the court, after quoting the above, added:

" * * * We find no ambiguity or uncertainty in this statute. * * * If section 8437, supra, is clear and unambiguous, it must be construed in accordance with its manifest intent and we may not search for a meaning beyond the statute itself. * * * "

This rule was repeated with emphasis in *Consolidated Freightways Corp. of Delaware v. State,* 503 S.W.2d 1, 5 (Mo.1972), *cert. denied,* 412 U.S. 919, 93 S.Ct. 2732, 37 L.Ed.2d 145 (1973), in these words:

"Appellant alleged in its petition that the Department of Revenue had uniformly interpreted the 1965 Act as applying to special fuels as well as motor fuels. It is argued that on a motion to dismiss we should consider this to be an established fact, and that this fact should be given serious consideration in construing the intent of the Act. *State ex inf. Anderson v. St. Louis County,* Mo., 421 S.W.2d 249, 254. However, this rule of statutory construction is applied only to statutes or constitutional provisions which are ambiguous or uncertain. *State ex rel. Bell v. Phillips Petroleum Company,* 349 Mo. 360, 160 S.W.2d 764, 769. We do not find the 1965 Act to be reasonably susceptible to different constructions; thus, there is no ambiguity. *State ex rel. Koeln v. St. Louis Y.M.C.A.,* 259 Mo. 233, 168 S.W. 589, 590. Therefore, there is no occasion to apply the rule of administrative interpretation."

Other cases so holding include *State ex inf. Anderson v. St. Louis County,* 421 S.W.2d 249, 254 (Mo. banc 1967); *Foremost Dairies, Inc. v. Thomason,* 384 S.W.2d 651, 659 (Mo. banc 1964); *Lemasters v. Willman,* 281 S.W.2d 580, 588 (Mo.App.1955).

The case of *L & R Distributing, Inc. v. Missouri Department of Revenue, supra,*

cited by respondents in urging that we interpret the statute in accordance with the department's 1937–1974 administrative interpretation, recognizes that it is when a statute is ambiguous that weight is given to prior administrative interpretation. Said case is not authority for using an administrative interpretation when the statute involved is clear and unambiguous. *Id.* at 378–379.

■ Since we have ruled that § 144.-020.1(2) is clear and unambiguous, plainly imposing a sales tax on fees for bowling paid to respondents, we hold that such interpretation is not to be affected by the earlier administrative interpretation by the department. The plain and unambiguous language of the statute cannot be made ambiguous by administrative interpretation and thereby given a meaning which is different from that expressed in clear and unambiguous language in the statute.

■ A second proposition advanced by respondents is that as originally enacted, the terms of the sales tax act required that it be reenacted every two years. This continued until 1953 when that requirement was eliminated. As a result, the legislature on eleven separate occasions after 1937 reenacted § 144.020.1(2), each time with exactly the same language as it contained in 1937. Respondents argue that it is presumed that the legislature was aware of the administrative interpretation by the department starting in 1937 and that by the reenactments without change in language, the legislature placed its stamp of approval on the department's administrative interpretation that gross revenues from bowling were excluded from the sales tax and adopted such construction of the statute. Accordingly, say respondents, § 144.020.1(2) did not apply to bowling receipts.

We reject this argument. In the first place, it seeks to extend to instances of administrative interpretation a rule which has been applied on occasion after a statute has received a settled judicial construction by the highest court of a state. In such instances the court has said that if a statute

which has received a settled judicial construction by the court of last resort and the legislature thereafter reenacts it, it will be presumed that the legislature knew of and adopted that construction. Examples of such cases are *State ex rel. Howard Electric Cooperative v. Riney,* 490 S.W.2d 1, 9 (Mo. 1973); *State ex rel. Smith v. Atterbury,* 364 Mo. 963, 270 S.W.2d 399, 403–404 (banc 1954); and *Duckworth v. United States Fidelity & Guaranty Co.,* 452 S.W.2d 280, 286 (Mo.App.1970). While it is not unreasonable to assume that the legislature would be aware of such judicial construction by the court of last resort, the same is not necessarily so of administrative rulings by various departments. We are unaware of any Missouri case which has extended to such situations the doctrine that by legislative reenactment the legislature is presumed to have known of, approved and adopted such administrative interpretation. It is true that in *Howard Electric Cooperative* the court referred to acceptance of the judicial and administrative construction of the statute but the authority cited referred only to judicial interpretation. The case is not authority for the proposition that reenactment presumes adoption of prior administrative interpretation where that interpretation is not buttressed by judicial interpretation.

It should next be noted that to hold that by the various reenactments of § 144.020.1(2) in the 1940s and 1950s the legislature adopted the administrative interpretation that said section did not impose the tax on bowling receipts would lead to anomalous results. This necessarily would be so because in 1974, as previously noted, the Department of Revenue adopted revised Revenue Rule 49 which reinterpreted § 144.020.1(2) as imposing a sales tax on revenues derived from fees for bowling in a place of amusement, etc. Then in 1975, the legislature reenacted § 144.020.1(2), again in the identical form in which it had existed since 1937. Sec. 144.020.1(2) RSMo Supp.1975. Adoption of the rule urged by respondents would mean necessarily that by the reenactment in 1975, the legislature now approved and adopted the administrative ruling in revised Revenue Rule 49 of April 30, 1974.

Thus, by enacting identically the same language, the legislature at one time would have approved and adopted an interpretation which said no tax was due on bowling receipts in places of amusement, etc., and at another time an interpretation that such tax was imposed thereon.

A third basis advanced by respondents for interpreting § 144.020.1(2) as not imposing a tax on the bowling revenues herein involved is that the legislature failed to enact amendments to the sales tax act which would have stated expressly that a sales tax was imposed on such receipts and that the court should read into such legislative action an intent to exclude the application of the statute to receipts from bowling paid in places of amusement, etc. Reference is made particularly to two bills. One, introduced in 1939, would have extended the act to proceeds paid to participate in any amusement, entertainment, recreation, game or athletic event. A committee substitute was adopted by the House of Representatives but failed of adoption in the Senate. The other bill, introduced in 1961, would have amended § 144.010.1(1) to say that the term "admission" includes charges for participation in amusement, entertainment, sporting events, etc. It was rejected. Such legislative action, according to respondents, shows a legislative intent not to tax bowling receipts.

If § 144.020.1(2) were ambiguous, this legislative history could be considered as one of the aids to statutory construction which a court may use. However, reliance on bills not passed provides a tenuous basis for determining legislative intent. We have no legislative record in Missouri to disclose the explanation offered in committee or on the floor to aid in understanding the purpose for which the bill is introduced. Neither do we have a record of debate on the bill when it is considered. Hence, we know whether the bill was adopted or rejected but we do not know why. Under such circumstances, it is not really possible to look at the legislative record and know why the legislature rejected a proposed bill. Respondents argue that mere rejection of

the proposed bills indicates an intention not to tax fees for participating in things such as bowling. However, it is arguable, as appellants contend, that the bills could have been rejected because it was felt that the language already was clear and unambiguous and no amendment was necessary. Appellants point out that since the issuance of revised Revenue Rule 49, there have been several bills introduced which would have provided specific exemptions for receipts from such things as participating in bowling, etc. These have not passed. Appellants argue that this fact should be considered if we are going to interpret the statute on the basis of legislative action or inaction on proposed amendments to the statute.

In any event, we have ruled previously that § 144.020.1(2) is clear and unambiguous. That being true, as we previously have noted herein, we may not resort to extrinsic aids to construction for the purpose of arriving at a meaning of the statute which differs from what we have said it plainly means.

█ Respondents' fourth and final contention is that their interpretation of § 144.020.1(2) is supported by the opinion of the Attorney General rendered August 21, 1937, and that we should adopt that interpretation.[4] To whatever extent such opinion would be considered, it is at most an extrinsic aid to construction. Since we have held the statute to be clear and unambiguous, we will not look to or consider such aids.

█ We hold that § 144.020.1(2) taxes receipts received from bowling in a commercial bowling establishment and that revised Revenue Rule 49 in so providing correctly interprets the statute. We reverse and remand with directions to the trial court to enter judgment in accordance with the views herein expressed.

All concur.

4. For discussion as to the extent to which an opinion of the Attorney General is to be given effect, see *L & R Distrib., Inc. v. Mo. Dep't of Revenue,* 529 S.W.2d at 378; *Mesker Bros.*

*Indus. v. Leachman,* 529 S.W.2d 153, 158 (Mo. 1975); *Gershman Inv. Corp. v. Danforth,* 517 S.W.2d 33, 34–36 (Mo. banc 1974).