Dear Representative Kenton:
This is in response to your request for an opinion as to the legality of the position that the Missouri Department of Revenue has taken with respect to the provisions of Senate Bill No. 367, 79th General Assembly.
Senate Bill No. 367 repealed Sections 144.025 and 144.320, RSMo 1969, and Sections 144.010 and 144.070, RSMo Supp. 1975. The bill replaced the repealed sections with five new sections numbered Sections 144.010, 144.025, 144.070, 144.071 and144.320.
At issue in your opinion request is the new Section144.025, which reads as follows:
 "Other provisions of law notwithstanding, in any retail sale where any article on which a sales or use tax has been paid to this state is taken in trade as a credit or part payment on the purchase price of the article being sold and the difference between the trade-in allowance and the purchase price exceeds two hundred dollars, the tax imposed by sections 144.020 and 144.440 shall be computed only on that portion of the purchase price in excess of the actual allowance made for the article traded in or exchanged, provided there is a bill of sale or other record showing the actual allowance made for the article traded in or exchanged. Where the trade-in or exchange allowance exceeds the purchase price or the purchased article there shall be no sales tax owed. This section shall also apply to motor vehicles sold at retail by the owner if the seller purchases a replacement motor vehicle within 30 days from the date of the sale of the original article and a notarized bill of sale showing the paid retail sale price is presented to the Department of Revenue at the time of licensing. A copy of the bill of sale shall be left with the licensing office.
(Passages added by Senate Bill No. 367 are underlined.)
Section 144.025, RSMo 1969, allowed individuals to reduce their sales tax liability on the purchase of new automobiles from dealers by deducting the trade-in allowance on the old car from the total purchase price of a new car before calculating the tax, as long as the difference between the purchase price on the new car and the trade-in allowance exceeded $500. In your opinion request you indicate that many of the legislators feel that Senate Bill No. 367 was enacted to allow individuals selling their old cars privately rather than trading them in to the dealer to claim the same deduction. That is, an individual who purchases a new automobile without a trade-in would be allowed to deduct from the purchase price the amount received by selling his former vehicle to another individual, thereby lowering the amount subject to sales tax. However, the Department of Revenue has taken the position that a sale of an automobile to another individual does not entitle a person purchasing a new automobile to deduct the sales price of the old automobile prior to calculating sales tax for the simple reason that an individual selling an automobile cannot be construed to be making a "retail sale" as that term is used in Section144.025 of Senate Bill No. 367.
In construing Section 144.025, RSMo 1969, this office noted in Opinion No. 122, issued October 11, 1972, to Representative Joe Holt, that the sale of automobiles between individuals did not constitute a "retail sale" or a "sale at retail" as such terms are used in Chapter 144. On page 3 of the opinion, it was stated that "most probably, had the legislative intent been to exempt all sales involving a trade-in . . ., the word retail would have been deleted." (Copy of opinion enclosed.)
Although it is apparent that the exemptions allowed under Section 144.025 have been expanded by Senate Bill No. 367, the plain language of the new act still provides for an exemption only when motor vehicles are "sold at retail" by the owner and a notarized bill of sale showing the "paid retail sale price" is presented to the Department of Revenue. One rule of statutory construction holds that the legislature cannot be charged with having done a meaningless act and that a change in the statute is ordinarily intended to have some effect. State ex rel.Thompson-Stearns-Roger v. Schaffner, 489 S.W.2d 207, 212
(Mo. 1973). However, it has been said that the primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. Blue Springs Bowl v. Spradling,551 S.W.2d 596, 598 (Mo. Banc 1977).
Senate Bill No. 367 repealed and reenacted the definitional terms contained in Section 144.010. Section 144.010.1(9) defines "sale at retail" as any transfer made by any person engaged in business as defined therein of the ownership of, or title to, tangible personal property. Thus, it can be seen that "selling at retail" denotes business activities. The term "business" is defined in subsection 1(2) of Section 144.010. It specifically excludes the isolated or occasional sale of tangible personal property unless the total amount of the gross receipts from such sales, exclusive of receipts from the sale of tangible personal property in the course of a partial or complete liquidation of a household, farm or non-business enterprise, exceeds $3,000 in any calendar year. The plain language of these sections in Senate Bill No. 367 excludes the occasional or isolated sale of a motor vehicle from one individual to another unless such sale or sales would amount to over $3,000 a year.
CONCLUSION
Therefore, it is the opinion of this office that Senate Bill No. 367, 79th General Assembly, does not allow an individual who sells a motor vehicle to another individual to claim the selling price as a deduction against the purchase price of a new replacement vehicle for the purpose of computing Missouri sales tax except when such sale or sales amount to over $3,000 a year.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 122 10-11-72, Holt