Dear Mr. Kruse:
This opinion letter is in response to your question asking:
 What are the duties and scope of enforcement authority of the Missouri Department of Agriculture, pursuant to Section 414.052, RSMo 1987 Supp., with respect to the safety of premises used for storage of petroleum products?
Section 414.052, RSMo Supp. 1987, provides:
 414.052. Premises utilized for sale of fuels to be safe from fire and explosion — inspection, when. — 1. All premises including bulk storage installations, terminals, dispensing or distributing facilities, equipment, appliances or devices utilized for the sale of products regulated by sections 414.012 to 414.152
shall be kept in such condition as to be safe from fire and explosion and not likely to cause injury to adjoining property or to the public.
 2. At least every six months, the director shall inspect and examine all premises in this state at or on which gasoline, gasoline-alcohol blends, diesel fuel, heating oil, kerosene and aviation turbine fuel is kept and sold at retail, provided that sales at such premises shall aggregate on an average two hundred gallons or more per month, except marine installations, which shall be tested and inspected at least once per year.
Section 414.152, RSMo Supp. 1987, provides:
 414.152. Violations, penalty — hearings, procedures. — 1. Any person violating any of the provisions of this chapter shall be deemed guilty of a class A misdemeanor. The prosecutor of each county in which a violation occurs shall be empowered to bring an action hereunder. But if a prosecutor declines to bring such action, then the attorney general may bring an action instead, and in so doing shall have all the powers and jurisdiction of such prosecutor.
 2. Any person who is found, upon investigation by the department of agriculture or by the department of revenue, to be in possible violation of any provision of this chapter, shall be notified by certified mail of the facts constituting such violation, and shall be afforded an opportunity by the appropriate director to explain such facts at an informal hearing to be conducted within one week of such notification. In the event that such person fails to timely respond to such notification or upon unsuccessful resolution of any issues relating to an alleged violation, such person may be summoned to a formal administrative hearing before a hearing officer conducted in conformance with chapter 536, RSMo, and if found to have committed one or more violations, may be ordered to cease and desist from such violation, such order to be enforceable in circuit court, and, in addition, may be required to pay a penalty of not more than fifty dollars per occurrence. Any party to such hearing aggrieved by a determination of a hearing officer may appeal to the circuit court of the county in which such party resides, or if the party is the state, in Cole County, in accordance with chapter 536, RSMo.
 2 CSR 90-30.050(1) provides:
 All locations utilized for the sale or storage of petroleum products regulated by chapter 414, RSMo shall meet the requirements of the National Fire Protection Association (NFPA) Manual No. 30 entitled, Flammable and Combustible Liquids Code, 1987 Edition. Existing plants, storage, storage equipment, buildings, structures and installations for the storage, handling or use of flammable or combustible liquids at any location which is not in strict compliance with the terms of this code may be continued in use, provided these do not constitute a distinct hazard to life or property. When the director determines that continued use will constitute a distinct hazard to life and property s/he shall notify the owner or operator and specify reason in writing and shall order the correction, discontinuance or removal of same.
Section 414.052.1, RSMo Supp. 1987, requires that all premises upon which flammable liquids including gasoline are stored or handled be kept in a condition safe from fire or explosion and not likely to cause injury to adjoining property or to the public. Section 414.052.2, RSMo Supp. 1987, then mandates a biannual inspection of all such premises.
Section 414.152, RSMo Supp. 1987, sets forth remedies available to the state for enforcing and penalizing violations. Section 414.152.1, RSMo Supp. 1987, states that any person violating any of the provisions of Chapter 414 shall be deemed guilty of a class A misdemeanor. Section 414.152.2, RSMo Supp. 1987, sets forth a procedure for conducting departmental administrative hearings to determine violations of Chapter 414 and further authorizes the director to issue cease and desist orders and assess penalties.
This authority extends to the violation of any provision of Chapter 414. Since Section 414.052, RSMo Supp. 1987, requires all premises for storage and handling of flammable liquids to be safe from fire and explosion and not likely to cause injury to adjoining property or to the public, it follows that any condition of premises to the contrary is a violation of a provision of Chapter 414 and subject to the enforcement remedies afforded by Section 414.152, RSMo Supp. 1987.
The statutory enforcement authority contained in Chapter 414 extends to the issuance of cease and desist orders and assessments of prescribed penalties upon a finding that any person is maintaining or has maintained a flammable liquid storage or handling facility in an unsafe condition so as to be at risk from fire or explosion or is likely to injure adjoining property or members of the public. The statute does not distinguish between new and old facilities or some types of violations and not others and, therefore, applies to all.
2 CSR 90-30.050(1) provides that the standard for safety of storage or handling premises shall be the requirements of the National Fire Protection Association Manual No. 30 entitledFlammable and Combustible Liquids Code. Existing plants need not be in strict compliance with the code provided the continued use of those facilities does not constitute a distinct hazard to life or property. The language of the rule differs from that of the statute in that the statute does not distinguish between fire and explosion risks which constitute a hazard to life or property and those that do not.
Since it may reasonably be surmised that any unsafe condition as to risk of fire or explosion constitutes a hazard, the difference of language between the rule and the statute cannot be interpreted to narrow the scope of safety enforcement authority or the duty to act upon safety violations. The rule relaxing strict adherence to compliance with code provisions does not confer any rights precluding inspection and enforcement authority to any owner of premises upon which a condition dangerous to the public or adjoining property exists. City ofMarysville v. Standard Oil Co., 27 F.2d 478 (8th Cir. 1928), aff'd, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856 (1929) following a line of cases beginning with Maleverer v. Spinke, 1 Dyer 35b, 36b, 73 Eng. Rep. 79, 81 (K.B. 1538). Deviations from the code must be deemed technical in nature and not substantive as to any safety violation under Section 414.052, RSMo Supp. 1987. In interpreting a rule or statute, courts look to the plain language comprising same and not to any extrinsic factor. BlueSprings Bowl v. Spradling, 551 S.W.2d 596 (Mo. banc 1977).
In summary, the Missouri Department of Agriculture is empowered to conduct safety inspections of premises utilized for the storage and handling of flammable liquids including gasoline and upon a finding of safety violations, including conditions upon such premises involving likely injury to adjoining property or the public, may pursue administrative remedies and such authority is not limited to the type or age of the facility or the nature of the violation.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General