Dear Representative Stivison:
This opinion is in response to your question asking:
 Whose permission is required for a member of the Highway Patrol to accept compensation, a reward or a gift other than the member's regular salary and expenses as provided in Chapter 43, RSMo. — the Missouri State Highways and Transportation Commission or the Director of Public Safety?
Section 43.060.2, RSMo 1986, states in part:
 43.060. Qualifications of patrolmen and radio personnel and limits on activities. —
* * *
 2. No member of the patrol shall hold any other commission or office, elective or appointive, or accept any other employment while he is a member of the patrol. No member of the patrol shall accept any compensation, reward, or gift other than his regular salary and expenses as herein provided except with the written permission of the commission. . . .
It is presumed your question relates to the second sentence of the subsection quoted above and asks whose written permission is required pursuant to that sentence.
Section 43.010(1), RSMo 1986, defines the word "commission" for purposes of Chapter 43, RSMo, as "the Missouri State Highways and Transportation Commission." The Missouri State Highway Patrol was originally under the authority of the Missouri State Highways and Transportation Commission.
However, as part of the Reorganization Act of 1974, the Missouri State Highway Patrol was made a division of the new Department of Public Safety. The applicable provision of the Reorganization Act is now Section 650.005.2, RSMo 1986, which provides:
 650.005. Department of public safety created — director — appointment — department's duties. —
* * *
 2. All powers, duties and functions of the state highway patrol, chapter 43, RSMo, and others, are transferred by type II transfer to the department of public safety. The governor by and with the advice and consent of the senate shall appoint the superintendent of the patrol. With the exception of sections 43.100 to 43.120, RSMo, relating to financial procedures, the director of public safety shall succeed the state highways and transportation commission in approving actions of the superintendent and related matters as provided in chapter 43, RSMo. Uniformed members of the patrol shall be selected in the manner provided by law and shall receive the compensation provided by law. Nothing in this act, however, shall be interpreted to affect the funding of appropriations or the operation of chapter 104, RSMo, relating to retirement system coverage or section 226.160, RSMo, relating to workers' compensation for members of the patrol.
(Emphasis added.)
"The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used to give effect to that intent if possible and to consider words used in the statute in their plain and ordinary meaning." Metro AutoAuction v. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986), quoting Blue Springs Bowl v. Spradling, 551 S.W.2d 596,598 (Mo. banc 1977). Where, as here, the language is clear and unambiguous, there is no room for construction. Metro AutoAuction v. Director of Revenue, supra, 707 S.W.2d at 401.
Therefore, by the express language of Section 650.005.2, RSMo 1986, the written permission required in the second sentence of Section 43.060.2, RSMo 1986, for a member of the Patrol to receive compensation, rewards or gifts as a result of the member's performance of his or her duties is the written permission of the Director of the Department of Public Safety rather than the Missouri State Highways and Transportation Commission.
Conclusion
It is the opinion of this office that the written permission referred to in the second sentence of Section 43.060.2, RSMo 1986, is the written permission of the Director of the Department of Public Safety, rather than the Missouri State Highways and Transportation Commission.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General