**HIGH ADVENTURE GAME RANCH, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Respondent.**

No. 73901.

Supreme Court of Missouri, En Banc.

Feb. 25, 1992.

Rehearing Denied March 24, 1992.

David J. Sexton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Healey, Lucille A. Smith, Christopher Koster, Asst. Attys. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

Since 1984 the appellant has operated a wild game ranch on which guests are permitted to hunt various exotic creatures. One who would like to bag a Corsican ram or a chukar partridge may try there. The hunters are required to possess valid Missouri hunting licenses. They do not pay for the privilege of hunting unless they kill or wound an animal, in which event the appellant charges a stated "trophy fee" for the particular animal.

The appellant filed no sales tax returns and paid no sales taxes up to the time of the hearing before the Administrative Hearing Commission, which was held November 21, 1990. The Director of Revenue had issued assessments for sales tax, with the addition of interest and penalties, from October 1984 through December 1990. The commission denied the appellant's pro-

test and sustained the assessments. The taxpayer appeals. We affirm.

■ The taxpayer challenges only that portion of the tax that was assessed on the collection of trophy fees. The commission concluded that these charges were "fees paid to or in any place of amusement, entertainment or recreation" within the compass of § 144.020.1(2), RSMo 1986. This finding is so clearly correct, legally and factually, that extended discussion is not necessary. The taxpayer's argument that the patrons are "trophy seekers" who do not necessarily enjoy what they are doing borders on the frivolous. The commissioner could have found that their amusement and entertainment is demonstrated by their patronage.[1] *See Blue Springs Bowl v. Spradling*, 551 S.W.2d 596 (Mo. banc 1977).

■ The appellant argues that a tax on the trophy fees would constitute double taxation because patrons must have a valid Missouri hunting license. The argument is factitious. The charges are levied on different incidents.

■ The appellant next argues that the assessment of sales tax for trophy fees is barred by the three-year statute of limitations, § 144.220.3, RSMo 1986. The problem with this argument is that the appellant did not file any tax returns at all prior to the assessment. The commission correctly found neglect in this failure. This finding, by reason of § 144.220.1, suspends the statute of limitations. The appellant's argument that it reasonably believed that the trophy fees were not taxable, even if we accept it, is of no avail. The appellant admits that sales tax was due on some of its charges, yet it did not give the Director the opportunity to evaluate its tax status. Its failure to make a return extends the statute of limitations as to all items subsequently determined to be taxable.

■ The taxpayer makes the same argument regarding "willful neglect," which was the basis for the addition of interest

and penalties under § 144.250. We likewise reject this argument. The commission properly found willful neglect in the failure to file any returns whatsoever. The taxpayer introduced evidence that it telephoned the office of the Director of Revenue to ask whether it needed to obtain a sales tax license, and that it received no response to the inquiry. The commission properly found that the taxpayer could not rely on the Director's silence without pursuing the matter further. When no return at all is filed, interest and penalties are appropriately assessed on the taxes finally determined to be due.

The decision is supported by substantial evidence on the record as a whole and is affirmed.

ROBERTSON, C.J., and RENDLEN, COVINGTON, HOLSTEIN and THOMAS, JJ., concur.

BENTON, J., not sitting.

---

1. *Cf. Tebbetts v. McElroy*, 56 F.2d 621, 622 (W.D.Mo.1932), involving a "walkathon," an endurance contest attended by spectators. The late, distinguished Judge Merrill E. Otis described the event and observed: "Marvelous to say, people seem to be entertained by the spectacle and are willing to pay for their entertainment."