Honorable Gary Nodler State Senator, District 32 State Capitol Building, Room 433 Jefferson City, MO 65101
Dear Senator Nodler:
This letter is in response to your request, dated February 3, 2004, for an opinion of this office concerning the effect of the General Assembly's designation of appropriations for specific purposes. Specifically, you asked:
 (a) Does the Governor have the constitutional authority to expend money on programs, which the legislature has specifically left unfunded, by the shifting of other appropriated and dedicated funds from other state programs to the unfunded program without legislative authority[?]
 (b) What are the constitutional limits on the Governor's authority to shift dedicated funds from an appropriation bill to another state program if the state program is not noted in the appropriation bill title and the program is not germane to any of the other programs in the appropriation bill[?]
The General Assembly has the power to enact any law not prohibited by the Missouri or United States Constitutions. Three Rivers Junior CollegeDist. of Poplar Bluff v. Statler, 421 S.W.2d 235, 238 (Mo.banc 1967). With respect to appropriations of public funds, the power of the General Assembly is clearly stated in the Missouri Constitution. See Mo. Const. art. IV, § 28. In exercising this authority, however, the Missouri Constitution requires the General Assembly to ensure that "[e]very appropriation law shall distinctly specify the amount and purpose of the appropriation without reference to any other law to fix the amount or purpose." Mo. Const. art. IV, § 23.
In establishing the purposes for appropriations, the General Assembly must comport with certain constitutional limitations. The opinions of prior occupants of this office have repeatedly advised that "descent into minute detail [in establishing the purposes for appropriations] could be construed as substantive legislation and prohibited as such [under Article III, Section 23] or, depending upon the circumstances, may constitute a violation of the separation of powers clause in Article II, Section 1, [of the] Missouri Constitution." Attorney General's Opinion No. 23-1985 (collecting opinions and cases) (copy enclosed). Language included in the purpose of an appropriation, if found to violate these constitutional limitations, would be severable. See Attorney General's Opinion No. 217-1974 (citing cases and opinion) (copy enclosed).
Once the General Assembly has fixed the purpose of an appropriation, that determination is final and binding on the rest of state government.State ex inf. Danforth v. Merrell, 530 S.W.2d 209, 213 (Mo.banc 1975). Article IV, Section 28 of the Missouri Constitution provides:
 No money shall be withdrawn from the state treasury except by warrant drawn in accordance with an appropriation made by law, nor shall any obligation for that payment of money be incurred unless the commissioner of administration certifies it for payment and certifies that the expenditure is within the purpose as directed by the general assembly of the appropriation[.] (emphasis added)
With these constitutional principles as background, it seems clear that your questions must be resolved in light of the purposes of the appropriations relied upon by the Commissioner of Administration in certifying the expenditures that you find objectionable. As with any statute, these purposes will be drawn from the plain language employed in the bills, and resort to extrinsic evidence of the General Assembly's unexpressed intent is generally not allowed. Blue Springs Bowl v.Spradling, 551 S.W.2d 596, 599 (Mo.banc 1977). If the expenditures in question are within the purposes of the appropriations upon which the Commissioner of Administration relied, the expenditure is likely to be deemed lawful. If the purpose of the appropriations cited do not fairly authorize the expenditures, however, then the expenditure may be deemed unlawful. See Attorney General's Opinion No. 331-1974 (copy enclosed).
 CONCLUSION
Subject to certain limitations based on Article III, Section 23 and Article II, Section 1 of the Missouri Constitution, the General Assembly's determination of the purpose for each appropriation as expressed in the plain language of the final bill is final and binding on all other state actors. The Commissioner of Administration may not certify, and the Treasurer may not pay, any expenditure of state funds except in furtherance of those purposes.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures: Opinion No. 23-1985 Opinion No. 217-1974 Opinion No. 331-1974