## AMERICAN FAMILY MUTUAL INSURANCE COMPANY and Roderick Bernardy, Plaintiffs,

v.

## Jennifer Kathleen WARD, Defendant–Appellant,

and

## Truman Medical Center, Defendant–Respondent.

No. 71297.

Supreme Court of Missouri, En Banc.

Aug. 1, 1989.

---

James R. Brown and Roy W. Brown, Kearney, for defendant-appellant.

Teresa L. Williams and Ronald L. Holt, Kansas City, for defendant-respondent.

Lori J. Levine and Gerald Sill, Jefferson City, for amicus curiae.

HIGGINS, Judge.

In January 1983 Kella Ward was involved in an accident when the car she was driving was struck by an automobile driven by Roderick Bernardy. After 12 days' hospitalization at Truman Medical Center, Kella died as a result of the injuries she sustained in the accident. She was survived by her only child, Jennifer Kathleen Ward.

Prior to the filing of suit for the wrongful death of her mother, Jennifer Kathleen Ward, by her guardian, agreed to a settlement of her claim with Bernardy's insurer, American Family Mutual Insurance. American Family agreed to pay $25,000, the limit of its policy covering Bernardy. TMC had previously filed a notice that it was asserting a hospital lien pursuant to sections 430.230–430.250, RSMo 1986, and

contended it was entitled to the payment of its lien from the amount which Jennifer received from American Family in settlement of her wrongful death claim. When payment of TMC's lien was denied by Jennifer's guardian, American Family and Bernardy filed this suit in interpleader naming Jennifer and her guardian, TMC, and the State of Missouri as defendants. Based on stipulated facts and cross-motions for summary judgment, the trial court ordered the settlement proceeds to be distributed as follows:

| | |
|---|---|
| Brown and Brown attorney's fee lien | $8,333.33 |
| Dyanne K. Neff guardian for Jennifer | $6,833.34 |
| Kathleen Ward Truman Medical Center hospital lien | $6,833.33 |
| State of Missouri medicaid lien | $3,000.00 |
| Total Settlement | $25,000.00 |

Jennifer Ward, by her guardian, appealed the order allowing TMC a hospital lien in the sum of $6,833.33. The Court of Appeals, Western District, reversed and remanded for further proceedings to distribute the proceeds free of the TMC lien. This Court granted transfer because of the important question presented: Whether the proceeds of a wrongful death claim are subject to a hospital lien. This Court holds the trial court erroneously applied the law in concluding a hospital lien applies to proceeds from a wrongful death claim; therefore, the judgment of the trial court is reversed and remanded with directions.

Wrongful death is a statutory cause of action. §§ 537.080–537.100, RSMo 1986. Section 537.080 provides:

Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive[.]

Section 537.090 provides:

In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued. The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

Section 537.095, in pertinent part, provides:

Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

The cause of action for wrongful death:

was not transmitted to plaintiffs by way of the survival of any right of action which the deceased himself might have exercised if he had lived, but instead was a new and distinct cause of action created purely by statute, which sprang into being and accrued to plaintiffs as the designated beneficiaries at the moment,

but not until the moment, that the death of the deceased occurred.

*Nanney v. I.H. Shell & Son,* 138 S.W.2d 717, 719 (Mo.App.1940); *see also State ex rel. Jewish Hospital of St. Louis v. Buder,* 540 S.W.2d 100 (Mo.App.1976); *Klein v. Abramson,* 513 S.W.2d 714 (Mo.App.1974); *State ex rel. Silbowski v. Kimberlin,* 504 S.W.2d 237 (Mo.App.1973). Similarly, in *Blessing v. Chicago, B. & Q.R. Co.,* 171 S.W.2d 602, 603 (Mo.1943), this Court stated: "The statute created a new cause of action. It did not revive a cause of action belonging to a deceased."

If a hospital meets certain requirements and follows certain procedures it can obtain a lien on the personal injury claims of its patients. §§ 430.230–430.250, RSMo 1986. Section 430.230, in pertinent part, provides qualified hospitals:

> shall have a lien upon any and all claims, counterclaims, demands, suits, or rights of action of any person admitted to any hospital, clinic or other institution and receiving treatment, care or maintenance therein for any cause including any personal injury sustained by such person as the result of the negligence or wrongful act of another, which such injured person may have, assert or maintain against the person or persons causing such injury for damages on account of such injury, for the cost of such services. . . .

Section 430.250 provides:

> Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment to such patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained, after the receipt of such notice in accordance with the requirements of section 430.240, without paying to such hospital the amount of its lien or so much thereof as can be satisfied out of fifty percent of the moneys due to such patient under any final judgment or compromise or settlement agreement after paying the amount of attorneys' liens, federal and Missouri workers' compensation liens, and any prior liens, shall have a period of one year, after such settlement is made

> known to the hospital, from the date of payment to such patient or his heirs, attorneys or legal representatives, as aforesaid, be and remain liable to such hospital for the amount which such hospital was entitled to receive, as aforesaid, and any such association, corporation or other institution maintaining such hospital may, within such period, enforce its lien by a suit at law against such person or persons, firm or firms, corporation or corporations making any such payment.

This Court has held:

> "The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596, 598 (Mo. banc 1977). Where the language is clear and unambiguous, there is no room for construction. *Id.* This Court must be guided by what the legislature said, not by what the Court thinks it meant to say. *Missouri Public Service Co. v. Platte–Clay Electric Cooperative,* 407 S.W.2d 883, 891 (Mo.1966).

*Metro Auto Auction v. Dir. of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986).

The wrongful death and hospital lien statutes are clear. The wrongful death statute mandates that any settlement for a wrongful death "shall be for the use and benefit of those who sue or who are entitled to sue. . . ." § 537.095. The hospital lien statute prescribes that a properly established hospital lien attaches to any and all claims of the injured person for personal injury resulting from "the negligence or wrongful act of another, which such injured person may have, assert or maintain against the person or persons causing [the] injury." § 430.230. "This Court adheres to the principle that unambiguous phrases must be given their plain and natural meaning." *Farmers' & Laborers' v. Dir. of Revenue,* 742 S.W.2d 141, 145 (Mo. banc 1987). TMC is not entitled to sue Bernardy for the wrongful death of Kella Ward, and therefore is not entitled to the use or benefit of the settlement proceeds. Further

support for this position is found in the hospital lien statute itself which provides that the lien attaches to only those claims that "such injured person may have, maintain, or assert against the person or persons causing the injury." Kella Ward cannot bring an action for her own wrongful death; therefore, the hospital lien does not attach to the settlement of her daughter's claim arising from the wrongful death of Kella.

TMC contends the hospital lien should attach to wrongful death proceeds because in addition to "death damages" the claimant may seek damages "the deceased may have suffered between the time of the injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued." § 537.090. Regardless of what types of damages are recoverable, section 537.095 provides settlement shall be for those who are entitled to sue.

TMC contends references to "heirs" and "legal representatives" in section 430.250 contemplates that the hospital lien attaches to wrongful death settlement proceeds and that to hold otherwise would be to write those references out of section 430.250. As noted, the hospital lien only attaches to claims or suits brought by the injured party. § 430.230. The references to heirs or legal representatives does not expand the nature of the lien or enlarge the class of claims or suits subject to the lien. The references to "heirs" and "legal representatives" provide for the situation where the injured person asserted a claim or brought an action but later dies.

TMC also contends that to deny the hospital lien would result in Jennifer Ward receiving a "windfall." If the hospital lien does not attach to Jennifer's claim, her total recovery for the wrongful death of her mother will be $13,666.66. This Court fails to see any "windfall" on Jennifer's part. Further, such an argument should be addressed to the General Assembly. *Brinkmann v. Common School Dist. No. 27,* 238 S.W.2d 1, 6 (Mo.App.1951); *Kavanagh v. Dyer O'Hare Hauling Co.,* 189 S.W.2d 157, 160 (Mo.App.1945). The plain

meaning of the hospital lien and wrongful death statutes indicates an intent that the hospital lien will not attach to proceeds of wrongful death settlements, and this Court can only apply the statutes as written. There is no ambiguity in these statutes; therefore, no reason for construction to arrive at a meaning different from the language employed. *Metro Auto Auction* at 401; *State ex rel. Jewish Hospital* at 108 n. 12; *State ex rel. Mo. State Bd. v. Southworth,* 704 S.W.2d 219, 224 (Mo. banc 1986).

Because a wrongful death settlement is for the use and benefit of those who sue or are entitled to sue, and because wrongful death is not a claim or cause of action brought on the part of the injured person, a hospital lien does not attach to the settlement of a wrongful death claim. The trial court erroneously applied the law concluding otherwise. Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings to distribute the wrongful death proceeds free of the TMC lien.

RENDLEN, BILLINGS, JJ., and CROW, Special Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, C.J., and ROBERTSON, J., dissent and concur in the separate dissenting opinion of WELLIVER, J.

COVINGTON, J., not sitting.

WELLIVER, Justice, dissenting.

The majority states that the plain meaning of the statutes §§ 430.230 and 430.250 RSMo. (1986) relating to hospital liens and §§ 537.080 and 537.090 RSMo. (1986) relating to wrongful death, required the result reached. I find that neither the "plain meaning" suggested by the principal opinion nor do I find fairness, justice or economic responsibility in the result obtained by the principal opinion. I respectfully dissent.

Section 537.080 gives to defendant-appellant daughter the right to sue for the

wrongful death of her mother. Section 537.090 permits her to recover:

> [S]uch damages as the trier of facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consotium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the tier of facts may award such damages as the deceased may have suffered between the time of injury and the time of death *and for the recovery of which the deceased might have maintained an action had death not ensued . . . .*

Section 537.090, RSMo 1986 (emphasis added). Clearly she is authorized to and did recover for the hospital bills.

Section 430.230 grants to public hospitals and hospitals supported all or in part by charity a lien for services rendered for "treatment, care or maintenance therein for any cause including *any personal injury sustained by such person as the result of negligence or wrongful act of another* . . ." (emphasis added) excepting therefrom workers compensation. Section 430.250 then provides that any person or insurance company, who after notice of the lien, makes any payment to "[S]uch patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained . . ." shall be liable for one year for the payment of the lien amount to the hospital. Reading all the stautes together, nothing could be plainer or clearer.

And, if the strained ambiguity conjured up by the principal opinion did in fact exist, what about public policy? Do we permit the daughter to recover the amount of the medical bills and the hospital who treated her mother go unpaid, or do we say that as a matter of public policy that if the funds to pay the bills are available, they go to the hospital rendering the treatment and services. Must the public pay for the insurance to pay the medical bills, and then pay again to support the hospital rendering the unpaid treatment and services. I do not believe that the General Assembly ever intended that the cost to the public, through taxes and charitable gifts, should be doubled for providing hospital care and services in cases such as this.

The cause should be reversed and remanded for satisfaction of the lien from the proceeds of the recovery.