### ST. ANTHONY'S MEDICAL CENTER, Appellant,

v.

### Linda L. METZE and Phyllis L. Weaver, Respondents.

### No. ED 76169.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 30, 2000.

Application for Transfer to Supreme Court
Denied July 5, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Allen D. Allred, Fernando Bermudez, St. Louis, for appellant.

Mark E. Goodman, Jeffrey A. Chen, Clayton, for respondents.

## OPINION

LAWRENCE G. CRAHAN, Judge.

St. Anthony's Medical Center ("Hospital") appeals the final judgment of the Circuit Court of St. Louis County dismissing its Petition to Determine Title to Property for failure to state a claim pursuant to Rule 55.27(a). Hospital contends that the settlement proceeds resulting from Phyllis Weaver's ("Weaver") and Linda Metze's ("Metze") wrongful death action are subject to its hospital lien for services rendered to their mother, Mary Lillian Phillips ("Decedent"). We disagree. Hospital's arguments on appeal are indistinguishable from those specifically considered and rejected by the Missouri Supreme Court in *American Family Mut. Ins. Co. v. Ward,* 774 S.W.2d 135 (Mo.banc 1989).

The facts are not in dispute. On January 21, 1992, Decedent was involved in an automobile accident with a car driven by Marjorie McClain ("McClain").[1] Hospital treated Decedent for her injuries, expending approximately $169,000 for her care.

---

1. The record reveals that McClain also died of    injuries sustained in the accident.

During her hospitalization, Weaver signed Decedent's name to an Agreement for Payment and Assignment of Benefits ("Agreement") and placed her own initials next to the signature. The Agreement provided for full payment of all charges for hospital services and materials furnished to Decedent by Hospital. Unfortunately, Decedent did not survive her injuries and died on April 2, 1992.

On April 21, 1992, Weaver filed a Petition for Letters of Administration for Decedent's estate and thereafter filed an Inventory and Appraisal form indicating that Decedent's personal property was valued at approximately $7000. On June 12, 1992, Hospital forwarded a Notice of Hospital Lien to Weaver's attorney attempting to place "a lien upon any and all claims, counter-claims, demands, suits and rights of action on account of the following personal injury claim" in the amount of $169,-117.63. Hospital also filed a claim against Decedent's estate in probate court for the medical services rendered to Decedent.[2]

On June 23, 1992, Weaver and Metze, in their personal capacities as the daughters of Decedent, instituted a wrongful death action against McClain in the Circuit Court of St. Louis County. In their petition, they alleged that Decedent suffered critical injuries and died due to the negligence of McClain. Weaver and Metze also alleged that they "were caused to expend in excess of $200,000.00 for medical and funeral expenses" of Decedent and that they had "lost [Decedent's] comfort, consortium, and companionship for the remainder of their lives."

On June 26, 1992, Weaver and Metze filed a Report and Acknowledgement of Receipt of Satisfaction of Judgment ("Report") with the court stating they had settled the wrongful death action for $500,-000.00, with $374,380.29 being paid directly to them and the remainder to their attorneys for fees and expenses. A provision in the Report regarding the payment of Hospital's lien was crossed out and no money allocated to it. On that same day, the court entered a final judgment approving the settlement for the wrongful death of Decedent.

On November 3, 1997, Hospital filed a Petition for Discovery of Assets that was later amended by interlineation to a Petition To Determine Title To Property in the probate court. The petition requested discovery of "the proceeds of any action by or on behalf of Lillian Phillips against M. McClain related to or arising out of the accident on January 21, 1992." In response, Weaver and Metze each filed identical motions to dismiss Hospital's petition alleging that it failed to state any facts showing that the proceeds of the wrongful death claim were an asset of Decedent's estate. A hearing was subsequently held on the motions to dismiss, and on March 29,1999, the court entered a final judgment dismissing Hospital's petition. Hospital appeals.

On appeal, Hospital argues the court erred in dismissing its petition for failure to state a claim because 1) contrary to the court's finding in its order, Hospital's notice of lien was timely filed and 2) the proceeds of Weaver's and Metze's wrongful death claim are subject to the hospital's lien because they explicitly alleged and recovered for the services provided to Decedent by Hospital. Weaver and Metze respond that although the court stated in its order that it did not believe Hospital filed its notice of lien in a timely manner, that was not the actual basis for the court granting their motions to dismiss. They argue the court properly entered judgment on their behalf and correctly applied the law pursuant to the holding of *American Family*. We agree.

In reviewing the dismissal of a petition, the court determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for re-

---

2. Hospital's claim against Decedent's estate was subsequently allowed as an unsecured claim by the probate court in an order dated February 16, 1993.

lief. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo.1993). We treat the facts averred as true and construe the averments liberally and favorably to the plaintiff. *Id.* A petition will not be dismissed for failure to state a claim if it asserts any set of facts which, if proved, would entitle the plaintiff to relief. *Id.*

■ In *American Family Mut. Ins. Co. v. Ward*, 774 S.W.2d 135 (Mo.banc 1989), the Supreme Court analyzed the interplay between the wrongful death and hospital lien statutes under facts similar to the present case. The court stated that both statutes were clear and unambiguous, and left no room for construction. *Id.* at 137. The court held that because a wrongful death settlement is for the use and benefit of those who sue or are entitled to sue, and because wrongful death is not a claim or cause of action brought on the part of the injured person, a hospital lien does not attach to the settlement of a wrongful death claim. *Id.* at 138.

■ Hospital's contention in the present case that the lien should nevertheless attach to the wrongful death proceeds because Weaver and Metze alleged and recovered for the hospital expenses incurred by Decedent in addition to that for loss of consortium was specifically considered and rejected in *American Family*. The court determined "that regardless of what types of damages are recoverable, section 537.095 only provides settlement shall be for those who are entitled to sue." *Id.* at 138. The court found that because the hospital in that case was not entitled to sue the driver of the vehicle which killed the decedent under the unambiguous terms of the wrongful death statute, it was therefore not entitled to the use or benefit of the settlement proceeds. *Id.* at 137–38.

In the case at bar, Hospital failed to present any case law distinguishing the holding of *American Family* from the facts of the present case. The legislature has not acted to change the terms of either the wrongful death statute or the hospital lien statute in light of the holding of *American Family* in 1989, although other changes have taken place. Thus, because Hospital is not entitled to sue the person causing the injury to Decedent, it cannot share in the proceeds of the settlement pursuant to the express terms of the statute.

Likewise, Hospital's argument that it is unjust to allow Weaver and Metze to receive a "windfall" is unavailing. The court in *American Family* also considered this argument and determined that such an argument should be addressed to the General Assembly rather than the court. *Id.* The Supreme Court stated that "the plain meaning of the hospital lien and wrongful death statutes indicates an intent that the hospital lien will not attach to proceeds of wrongful death settlements, and the court can only apply the statutes as written." *Id.* The court further held that "there is no ambiguity in these statutes; therefore, no reason for construction to arrive at a meaning different from the language employed." *Id.*

Hospital has alleged no facts or law to differentiate the present case from the holding in *American Family*, by which this court is bound. The judgment of the probate court is affirmed.

MARY RHODES RUSSELL, C.J., Concurs.

CHARLES B. BLACKMAR, Senior Judge, Concurs In Result Only In Separate Opinion.

CHARLES B. BLACKMAR, Senior Judge, concurring in result only.

We are of course bound by the decision in *American Family Mut. Ins. Co. v. Ward*, 774 S.W.2d 135 (Mo. banc 1989), for what it holds. This is so even though the regular judges of the Supreme Court were evenly divided, and the case was resolved only through the presence of a special judge. I believe that there are distinctions between the *Ward* case and this one which might lead to a different result. The Su-

preme Court's opinion, however, paints with a broad brush, and my colleagues persuade me that it dictates affirmance.

The plaintiff in *Ward* was a minor who had lost her mother in an accident. The Court observed that a total recovery of $25,000, with the client's share reduced by one-third for attorneys' fees, could hardly be described as a "windfall." 774 S.W.2d at 138. There is no indication that the minor, through her guardian, sought to recover for medical expenses. The real question in that case, then, was whether the hospital's charges were to have priority over the minor child's recoverable damages.

In the wrongful death suit at issue the petition expressly sought recovery for the hospital charges, stating the amount to be $200,000. The plaintiffs were adult daughters of the deceased. The insurance company agreed to pay the full policy limits of $500,000. It is fairly inferable that the claim for the substantial medical charges [1] constituted an important factor in inducing the insurer to settle. We have only the pleadings, but there is a strong indication that the daughters will have a substantial windfall if their judgment is ultimately affirmed.

I doubt very much that the General Assembly had such a windfall in mind when it amended the wrongful death statute, section 537.090 RSMo 1994 [2], to allow recovery of items having nothing to do with the damages sustained by the survivors. The essence of the present wrongful death statute can be traced back at least to 1929. As many cases point out, the remedy it provided was purely statutory and self-contained. *See e.g. Sullivan v. Carlisle,* 851 S.W.2d 510, 512 (Mo. banc 1993); *Hagen v. Celotex Corp.,* 816 S.W.2d 667, 674 (Mo. banc 1991).

The hospital lien law, section 430.230 et seq., dates back to 1941. Its purpose was to allow hospitals to recover their charges from the proceeds of any action for damages against the persons causing the injury requiring hospitalization. Until 1979, there was no tension between the wrongful death statute and the hospital lien law, because the former did not provide recovery for the victim's hospital expenses.

In 1979 the General Assembly amended section 537.090 to permit wrongful death plaintiffs to recover "such damages as the deceased may have suffered between the time of injury and time of death and for the recovery of which the deceased might have maintained an action for had death not ensued." This legislation introduced a foreign element into the permissible recovery by allowing the suit to include common law claims having no relation to the damages suffered by the survivors. The newly recognized recovery incorporated the principles of the existing body of tort law in measuring the permissible scope of recovery. The amended statute was not a code unto itself. It was, rather, a hybrid.

The hospital lien law expounds a policy fully as much as does the wrongful death statute. This policy calls for paying hospital bills out of the damages for the victim's injuries. I find nothing to indicate that the legislature, in enacting the 1979 amendments to the wrongful death statute, had any purpose of allowing the survivors to pocket money recovered on account of hospital bills.

The courts should explore means of harmonizing the two statutes whose policies are now at odds. The courts have not been unwilling to make similar adjustments in the past, and they have not always considered that they are without power to do equity until the General Assembly acts. *See e.g. Missouri Pac. R. Co.*

---

1. The figure of $190,000 for the hospital charges raises my eyebrow, but if the case is remanded at some stage then the daughters are free to dispute the amount of the hospital's claim.

2. All further statutory references are to RSMo 1994 unless otherwise indicated.

*v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978); *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). In a case such as this one, it would not be difficult for the jury to say specifically how much of its award represented hospital expenses. It would also be possible to provide for an equitable apportionment of any settlement.

Were I free to do so, I would reverse and remand for further proceedings. Under present circumstances, I can only hope that the Supreme Court will see fit to consider the case so as to harmonize the several statutes involved and provide an equitable solution.

I concur in the result reached.