# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1983

_____

|  |  |  |
|---|---|---|
| Dolores Mathis; Dawn Michelle Phillips; Patricia Ann Zollars; Kimberly Maria Webb; Christopher Mathis; Timothy Cooper Mathis; Jennifer Nicole Parrish, | * * * * * * * | |
|  | * | Appeal from the United States |
| Appellants, | * | District Court for the |
|  | * | Western District of Missouri. |
| v. | * | |
|  | * | |
| Michael O. Leavitt, Secretary, Department of Health and Human Services, | * * * * | |
| Appellee. | * | |

_____

Submitted: December 10, 2008
Filed: January 30, 2009

_____

Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Appellants filed an action in Missouri state court against those whom they believed were responsible for fatal injuries to their decedent, David Mathis, seeking all forms of relief available under the state's wrongful death statute. *See* Mo. Rev. Stat. § 537.080. When the parties to the action agreed to settle it, Medicare, which

had paid $77,403.67 of Mr. Mathis's final medical expenses, refused to acknowledge that it did not have a right to reimbursement from appellants.

Appellants then amended their petition to add a declaratory judgment claim against Medicare's administrator, the Secretary of Health and Human Services (HHS), arguing that the Missouri wrongful death statute did not provide for recovery of medical expenses and therefore appellants had no duty to reimburse Medicare. After a liability insurer for two of the original defendants paid $77,403.67 into the state court registry to be held pending resolution of the declaratory judgment action, HHS removed the action to federal court. The district court[1] granted summary judgment to HHS, holding that the settlement resolved appellants' claim for medical expenses and thus Medicare had a right to reimbursement under 42 U.S.C. § 1395y. It ordered that the funds deposited in the state court registry be paid to HHS. Appellants appeal and we affirm.

Medicare pays the medical expenses of qualified individuals. *See* 42 U.S.C. §§ 1395-1395ggg. If a third party is responsible for injuring a qualified individual and Medicare pays for the resulting medical treatment, the payment is considered conditional and repayment to Medicare is required if the responsible party's liability insurer later makes a payment for those expenses. *See* 42 U.S.C. § 1395y(b)(2)(B)(i). Medicare may seek reimbursement from "any entity" that receives such a payment. *See* 42 U.S.C. § 1395y(b)(2)(B)(iii).

The Missouri statute governing damages in a wrongful death action provides that a fact-finder may award, "[i]n addition" to damages "for the death and loss" of the decedent, "such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

maintained an action had death not ensued." Mo. Rev. Stat. § 537.090. We think it plain enough that Mr. Mathis's medical costs were damages "suffered between the time of injury and the time of death" and for which he could have brought suit had he survived.

Despite this crystalline statutory language, and despite the fact that appellants asserted in their petition that Mr. Mathis incurred certain medical expenses, appellants nevertheless maintain that medical expenses of the decedent are not damages recoverable in a wrongful death action in Missouri. Appellants do not deny that Mr. Mathis, had he lived, could have recovered medical expenses in a personal injury lawsuit of his own. Their argument is premised instead on case law holding that the damages recoverable under the Missouri wrongful death statute are not the same as the damages that a decedent would have been entitled to recover in a personal injury action. *See Finney v. National Healthcare Corp.*, 193 S.W.3d 393, 395 (Mo. Ct. App. 2006). Appellants take this undoubted principle, combine it with the fact that a decedent had a right during his lifetime to recover medical expenses, and conclude that medical expenses of the decedent are not damages recoverable under the Missouri wrongful death statute. But this is a *non sequitur*: The fact that the damages that can be awarded in the two causes of action are different (that is, not identical) does not mean that they are entirely different. *Finney* simply held that there were damages available in a wrongful death action that the decedent, had he lived, could not have recovered in a personal injury action, such as damages for loss of consortium. *Id.* That holding indicates that the damages recoverable in the two actions are different, but it is manifestly not a holding that they are mutually exclusive.

Appellants also maintain that because the damages available to statutorily designated beneficiaries in a wrongful death action and the damages that a decedent could have recovered in a personal injury action are different, the reference to the latter in the Missouri wrongful death statute merely provides a guidepost to determining the beneficiaries' overall loss. We find this argument both difficult to

comprehend and unavailing. The Missouri wrongful death statute specifically provides that the beneficiaries may recover medical expenses that a decedent suffered between the time of injury and death "[i]n addition" to damages "for the death and loss," Mo. Rev. Stat. § 537.090, and the Missouri state courts have not held otherwise. In fact, the Missouri Supreme Court has stated that "damages incurred by the decedent before death, such as medical expenses and pain and suffering, are recoverable as part of the wrongful death claim," *Powell v. American Motors Corp.*, 834 S.W.2d 184, 186 (Mo. 1992), and has explained that "Missouri now has a *combined death and survival statute* under which damages may be recovered for the death and *also* for such damages as the deceased may have suffered between the time of injury and time of death," *Stiffelman v. Abrams*, 655 S.W.2d 522, 531 (Mo. 1983) (emphasis added). Because appellants claimed all damages available under the Missouri wrongful death statute, the settlement, which settled all claims brought, necessarily resolved the claim for medical expenses.

Finally, appellants suggest that we can find relevant guidance in *American Family Mut. Ins. Co. v. Ward*, 774 S.W.2d 135 (Mo. 1989), which rejected a hospital's claim to a lien against wrongful-death proceeds. Appellants assert in their brief that there is "no analytical distinction" between a Missouri hospital lien and Medicare's right to reimbursement, but we see a key difference: The Missouri hospital lien attaches only to proceeds of claims "brought on the part of the injured person," *see id.* at 137-38, whereas Congress authorized Medicare to recover from "any entity" that receives payment for expenses conditionally paid for by Medicare, *see* 42 U.S.C. § 1395y(b)(2)(B)(iii). As we have already indicated, the settlement in this case resolved a claim for medical expenses that Medicare had already paid.

We note that the parties and the district court referred to Medicare's right to reimbursement and to Medicare's subrogation rights in their analyses of this case. But it is important to bear in mind that these rights are distinct and independent of each other. In any case, since we hold that Medicare has a right to reimbursement we

-4-

believe that it is unnecessary to decide what subrogation rights 42 U.S.C. § 1395y(b)(2)(B)(iv) might give to Medicare in the present circumstances. Whatever they are, moreover, they might well be subject to a rule of equitable apportionment that would reduce the amount that Medicare could recover. *See Zinman v. Shalala*, 67 F.3d 841, 844-45 (9th Cir. 1995).

We therefore affirm the judgment of the district court.

_____